UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONERA HOLDING B.V.,

        Petitioner,

v.

ÇUKUROVA HOLDING A.Ş.,

        Respondent.

Case No. 11 CIV 8909 (DLC)
ECF Case

## ÇUKUROVA HOLDING A.Ş.'S MEMORANDUM OF LAW IN SUPPORT OF STAY OF POST-JUDGMENT DISCOVERY AND ENFORCEMENT PROCEEDINGS PENDING DISPOSITION OF MOTION TO VACATE JUDGMENT

David M. Lindsey
Jennifer L. Gorskie

**CHAFFETZ LINDSEY LLP**
505 Fifth Avenue, 4th Floor
New York, NY 10017
Tel. (212) 257-6960
Fax (212) 257-6950
www.chaffetzlindsey.com

*Attorneys for Çukurova Holding A.Ş.*

Pursuant to Federal Rule of Civil Procedure 62(b)(4), Respondent Çukurova Holding A.Ş. ("Çukurova Holding") respectfully seeks a stay of post-judgment discovery and enforcement proceedings relating to this Court's judgment entered on September 21, 2012 in the above-referenced action (the "Judgment"), while Respondent's motion to vacate the Judgment, filed on November 21, 2012 (the "Motion to Vacate"), is pending before this Court.[1]  For the sake of brevity, Çukurova Holding refers to its Motion to Vacate and incorporates both the factual background and the defined terms set forth therein.

## ARGUMENT

On November 21, 2012, Çukurova Holding filed a Motion to Vacate the Court's Judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, on the ground that the Judgment was void for lack of personal jurisdiction.  The Motion to Vacate establishes that Çukurova Holding is not subject to the personal jurisdiction of this Court because the grounds on which the Court found jurisdiction either do not exist or are otherwise insufficient to establish personal jurisdiction over Çukurova Holding.  *See generally* Motion to Vacate (Dkt. # 35).

The Motion to Vacate raises substantial questions and puts forth several new facts demonstrating a complete lack of jurisdiction over Çukurova Holding.  If the Court ultimately decides in favor of Çukurova Holding, there will be no Judgment against Çukurova Holding and, even more significantly, no personal jurisdiction over Çukurova Holding in this Court.  In such circumstances, and where such important and fundamental issues are at stake, it is highly appropriate to stay discovery while the Court considers the Motion to Vacate.  *See, e.g., Gandler v. Nazarov,* 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (holding that

---

[1]   Counsel for Çukurova Holding attempted to reach agreement with counsel for Sonera Holding B.V. ("Sonera") to a consensual stay of discovery while the Motion to Vacate was pending, but no agreement could be reached.

stay pending resolution of potentially dispositive motion was appropriate to "avoid the need for costly and time-consuming discovery"); *Sabatini v. Its Amore Corp.*, No. 3:CV-05-2586 (TMB), 2009 WL 3878245, at *3 (M.D. Pa. Nov. 19, 2009) (granting stay of enforcement while post-trial motion was pending).

Indeed, to deny Çukurova Holding a stay in these circumstances would be highly prejudicial. Sonera has sought from Çukurova Holding wide-ranging and highly burdensome post-judgment discovery regarding the assets and activities of Çukurova Holding *worldwide*. It is without question that Çukurova Holding has no assets in the United States, so Sonera's discovery requests clearly have a very different goal: to take advantage of the U.S. discovery mechanism to find assets of Çukurova Holding worldwide and then demand that such assets be brought into this jurisdiction to satisfy the Judgment.[2] But Sonera is not entitled to any such discovery, nor to bring assets of Çukurova Holding into the United States, unless this Court has personal jurisdiction over Çukurova Holding. *See Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 836 N.Y.S.2d 4 (N.Y. App. Div. 2008) ("The IAS court had the power to issue the injunction, even though it related to extraterritorial conduct, because it had jurisdiction over the defendants." (emphasis added) (citing *Abuhamda v. Abuhamda*, 654 N.Y.S.2d 11, 14 (N.Y. App. Div. 1997))).

---

[2] Sonera has sought worldwide discovery despite its pre-judgment representations to this Court that it brought confirmation proceedings in the United States to allow it to enforce the Final Award against Çukurova Holding's assets "*that may be found in New York or elsewhere in the United States*." Sonera's Reply Mem. (Dkt. # 20) at 14 (emphasis added). The Court relied on this representation when it held that New York was an appropriate forum, finding that "*Cukurova may acquire property in the United States in the future*," at which point a U.S. court judgment would "expedite" the process of attachment of such U.S. assets. September 10 Order at 21. The Court further found that Sonera could not be seeking to take advantage of U.S. discovery procedures because confirmation of an arbitral award is a typically a summary proceeding, making "access to American discovery rules unnecessary." *Id.* at 22. Several weeks after the Judgment was entered, Sonera served its worldwide discovery requests, and has refused Çukurova Holding's requests to limit that discovery to assets that may reasonably be found in the United States. *See* Letter from David Lindsey to the Court (Dkt. # 33) at 2; Letter from Pieter Van Tol to the Court (Dkt. # 34) at 2.

Çukurova Holding denies, and has always denied, that any such jurisdiction exists. Çukurova Holding has now put before the Court in its Motion to Vacate important facts that this Court did not previously have a chance to consider, which establish that there is no jurisdiction over Çukurova Holding. If Çukurova Holding is made to respond to Sonera's post-judgment discovery demands but the Court ultimately finds that there is no jurisdiction, the harm and prejudice to Çukurova Holding – including the burdensome and expensive disclosure of confidential and proprietary information to its competitor – will be irreparable. *See, e.g., Am. Booksellers Ass'n Inc. v. Houghton Mifflin Co.*, 94 Civ. 8566 (JFK), 1995 WL 72376 (S.D.N.Y. Feb. 22, 1995) (finding a stay appropriate where requested discovery under Rule 26 was burdensome and decision on motion to dismiss was imminent).

There is no harm that would result to Sonera, on the other hand, from a short stay of post-judgment discovery while the Motion to Vacate is pending. Sonera's inability to proceed with post-judgment discovery during this short period will have no effect on its ultimate recovery, should the Court deny the Motion to Vacate. Sonera will fully retain its Judgment (which is accruing daily post-judgment interest) while the Motion to Vacate is pending. *See Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755, 760-61 (D.C. Cir.1980) ("[T]he district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery."); *see also Sabatini*, 2009 WL 3878245, at *3 (staying enforcement without security while post-trial motion was pending). The stay is sought only to preserve the status quo during the short period of time until the Motion to Vacate can be decided.

For all of the foregoing reasons, Çukurova Holding respectfully requests that the Court stay post-judgment discovery and enforcement of the Judgment, pursuant to Fed. R. Civ. P. 62(b), pending this Court's ruling on the Motion to Vacate.

Dated:   New York, New York
         November 29, 2012

                                      Respectfully Submitted,

                                        /s/ David M. Lindsey
                                      David M. Lindsey
                                      Jennifer L. Gorskie
                                      CHAFFETZ LINDSEY LLP
                                      505 Fifth Avenue, 4th Floor
                                      New York, NY 10017
                                      Tel. (212) 257-6960
                                      Fax (212) 257-6950
                                      d.lindsey@chaffetzlindsey.com
                                      j.gorskie@chaffetzlindsey.com
                                      www.chaffetzlindsey.com

                                      *Attorneys for Çukurova Holding A.Ş.*