UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SONERA HOLDING B.V.,                    :
                        Petitioner,     :
                                        :    11 Civ. 8909 (DLC)
              -v-                       :
                                        :    OPINION AND ORDER
ÇUKUROVA HOLDING A.Ş,                   :
                        Respondent.     :
                                        :
----------------------------------------X

APPEARANCES:

For the petitioner:
Pieter Van Tol
Andrew Behrman
Erin Meyer
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

For respondent:
David M. Lindsey
James M. Hosking
Andreas A. Frischknecht
Matthew E. Draper
Chaffetz Lindsey LLP
505 Fifth Avenue, 4th Floor
New York, NY 10017

DENISE COTE, District Judge:

     This is an action by petitioner Sonera Holding B.V.

("Sonera") to confirm a $932 million arbitral award (the

"Award") obtained against respondent Çukurova Holding A.Ş.

("Çukurova") in Geneva, Switzerland in September 2011.  An

Opinion and Order of September 10, 2012, granted Sonera's

petition to confirm the Award.  See Sonera Holding B.V. v.

1

Çukurova Holding A.Ş., No. 11 Civ. 8909 (DLC), 2012 WL 3925853 (S.D.N.Y. Sept. 10, 2012) (the "September 10 Opinion").  The holding of the September 10 Opinion was memorialized in a judgment of September 21 (the "Judgment").  Currently before the Court are Çukurova's motion to vacate the Judgment and Sonera's motion for an order confirming service of a restraining notice on Çukurova.  For the reasons that follow, both motions are denied.

                          BACKGROUND

    The September 10 Opinion comprehensively sets out the factual and procedural background of this litigation, which are averted to here only as necessary to decide the instant motions. As noted, the September 10 Opinion granted Sonera's petition to confirm the Award, rejecting, inter alia, Çukurova's argument that it is not subject to this Court's personal jurisdiction. Çukurova did not seek reconsideration of the September 10 Opinion within the fourteen days permitted for such a motion pursuant to Local Civil Rule 6.3.  Rather, on October 19, it filed a notice of appeal from the Judgment and the September 10 Opinion.

    Because Çukurova did not file a bond to stay enforcement of the Judgment pending adjudication of its appeal, post-judgment discovery has proceeded in this Court.  On October 12, Sonera

                              2

served on Çukurova's counsel in New York an information
subpoena, a subpoena for documents and a deposition subpoena
(the "Discovery Requests").  The Discovery Requests sought
information about Çukurova's corporate structure and assets,
about the company's relationship to firms that Sonera suspects
may be Çukurova affiliates, and about money transfers between
those firms and Çukurova.  After Çukurova objected to the
breadth of the Discovery Requests and the time period they
covered, the Court entered an Order permitting Sonera to take
discovery of "the entire period since 1/15/07, and any transfer
of assets by Çukurova, and information sufficient to identify
the relationship between the transferee and Çukurova."

At the same time that Sonera served the Discovery Requests
on Çukurova's counsel, it also served a post-judgment
restraining notice dated October 9, 2012 (the "Restraining
Notice").  The Restraining Notice, which was issued by Sonera's
counsel, provides, in relevant part:

> NOW TAKE NOTICE, that pursuant to Rule 69 of the
> Federal Rules of Civil Procedure and C.P.L.R § 5222(b)
> . . . you are hereby forbidden to make or suffer any
> sale, assignment, transfer or interference with any
> property in which you have an interest, or pay over or
> otherwise dispose of any such debt, except upon
> direction of the sheriff, a U.S. marshal, deputy U.S.
> marshal, or other person or officer specifically
> appointed by the court or pursuant to an order of the
> court, until the judgment is satisfied and vacated
> . . . .

In an e-mail to Sonera dated October 15 and a subsequent letter
dated October 22, counsel for Çukurova asserted that it was not
authorized to accept service of the Restraining Notice and that
Çukurova would need to be served with the Notice pursuant to the
Hague Convention.  On November 16, Sonera filed this motion for
a judicial order confirming that service of the Notice upon
Çukurova by means of its New York counsel was proper.  On
November 21, Çukurova moved pursuant to Rule 60(b)(4) to vacate
the Judgment for lack of personal jurisdiction.  Both motions
were briefed and became fully submitted on December 6.  On
November 29, Çukurova filed a motion for a stay of post-judgment
discovery and enforcement proceedings pending disposition of the
November 21 motion to vacate the Judgment.  Briefing of the
November 29 Motion was stayed by an Order of December 3.


DISCUSSION

I.  Motion for Relief from Judgment

     Rule 60(b)(4) of the Federal Rules of Civil Procedure
provides, in relevant part, "On motion and just terms, the court
may relieve a party or its legal representative from a final
judgment, order, or proceeding" where "the judgment is void."
Although a district court generally has discretion over whether
to grant or deny a motion made under Rule 60(b), "if the

4

underlying judgment is void for lack of jurisdiction, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011) (citation omitted).

That is not to say, however, that Rule 60(b)(4) permits parties to re-litigate issues that have previously been litigated on the merits and decided.  As the Second Circuit recognized in Mickalis, a defendant who disagrees with the plaintiff's assertion that she is subject to jurisdiction in a particular forum is faced with a procedural choice.  One option is to "'ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding'" pursuant to Rule 60(b)(4). Id. at 139 (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982)).  Such a collateral proceeding may never occur if the forum rendering the judgment truly lacks personal jurisdiction and the holder of the judgment never takes steps to enforce it against the defaulting defendant or her property in a forum where jurisdiction is proper.  See "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123 (2d Cir. 2008).

Alternatively, "when a defendant appears and challenges jurisdiction, we interpret that to constitute its agreement to be bound by the court's determination on the jurisdictional issue." Mickalis, 645 F.3d at 139 (citation omitted).  In the event that the defendant chooses this latter option and then finds herself in disagreement with the district court's personal jurisdiction ruling, her remedy is to "seek reversal of that ruling on appeal."  Id.  "A party may not use a Rule 60(b)(4) motion" -- or other proceeding distinct from the merits -- "as a substitute for a timely appeal."  Kocher v. Dow Chemical Co., 132 F.3d 1225, 1229 (8th Cir. 1997).

In Mickalis, this "critical distinction between defendants who 'appear' in court -- even if only to challenge the court's jurisdiction -- and those who do not," led the Second Circuit to reject an effort to overturn a default judgment on the ground that it was void for want of personal jurisdiction.  645 F.3d at 139-42.  The defendants in question had initially appeared to challenge personal jurisdiction but later withdrew from the proceedings after the district court suggested it was inclined to rule against them.  After judgment, they re-entered the case and filed a notice of appeal arguing, inter alia, that the district court lacked jurisdiction to enter the default.  Id. at 127-28.  The Second Circuit held that by failing to litigate to

judgment, the defendants had forfeited their personal jurisdiction defense.  Id. at 141.  This forfeiture, the court continued, could not be overlooked, because the defendants' procedural maneuvers were designed to "short-circuit" or make an "end-run" around the appeal procedure.  Id. (citation omitted).

Mickalis controls the outcome of the respondent's motion to vacate in this case.  As in Mickalis, Çukurova appeared in this Court and challenged on the merits the petitioner's assertion that it was subject to personal jurisdiction in this state. Çukurova is therefore bound by this Court's personal jurisdiction determination unless and until it convinces the Court of Appeals otherwise.

It makes no difference that in this case, unlike in Mickalis, Çukurova has litigated the personal jurisdiction issue to judgment and taken an appeal from a judgment on the merits. Indeed, if anything, the fact that Çukurova's voidness argument turns on an issue currently on appeal counsels against Rule 60(b) relief, because the filing of a notice of appeal "ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule."  Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (citation omitted).  Thus, although "the district court can entertain and deny [a] rule 60(b) motion" while an appeal from the underlying

order is <u>sub judice</u>, it "may <u>grant</u> a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court." <u>Id.</u> That Çukurova has not done. More importantly, having made the strategic choice to litigate the personal jurisdiction issue in this Court, having had a full and fair opportunity to do so, and having received a decision with which it does not agree, Çukurova cannot now employ Rule 60(b)(4) to "short-circuit the normal litigation process," <u>Mickalis</u>, 645 F.3d at 141, and avoid complying with the procedures for reconsideration and appeal specified by statute, the Federal Rules of Civil and Appellate Procedure, and the Local Civil Rules of this District. Any other ruling would encourage repetitive, piecemeal litigation and delay.

II.  Service of the Restraining Notice

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides,

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution -- and in proceeding supplementary to and in aid of judgment must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Sonera's authority to serve the Restraining Notice derives from Section 5222 of New York's Civil Procedure Law and Rules. That section authorizes the attorney for a judgment creditor "as officer of the court" to issue a restraining notice that forbids

the recipient, subject to certain exceptions, "to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest . . . until the judgment or order is satisfied or vacated."  N.Y. C.P.L.R. § 5222(a) & (c). Under New York law, a Restraining Notice must be served "personally in the same manner as a summons or by registered or certified mail" and must notify the recipient that "disobedience is punishable as a contempt of court."  Id.

The New York Court of Appeals has recognized that "the restraining notice serves as a type of injunction prohibiting the transfer of the judgment debtor's property."  Aspen Indus., Inc. v. Marine Midland Bank, 421 N.E.2d 808, 810 (N.Y. 1981). Because a restraining notice is one of a variety of "enforcement devices available to a judgment creditor" under the C.P.L.R., id. (emphasis supplied), Rule 69(a)(1) requires that the procedures for its use accord with New York law.  Thus, whether the underlying proceeding was in federal court or state court, a judgment holder must serve the restraining notice on the asset holder "personally in the same manner as a summons or by registered or certified mail."  N.Y. C.P.L.R. § 5222(a).

Whenever it is necessary "to transmit a judicial document for service abroad" service is governed by the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil

9

and Commercial Matters, Nov. 15, 1965 ("Hague Service
Convention"), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638.
Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707
(1988).  Here, because it is undisputed that Çukurova is located
in Turkey, service of the firm, whether personally or by mail,
must comply with the Convention.  "The Hague Convention provides
for several alternate methods of service: (1) service through
the Central Authority of member states; (2) service through
consular channels; (3) service by mail if the receiving state
does not object; and (4) service pursuant to the internal laws
of the state."  Burda Media, Inc. v. Viertel, 417 F.3d 292, 300
(2d Cir. 2005).  The only one of these methods that Sonera has
attempted is service by mail.  Turkey, however, has filed a
formal objection to Article 10 of the Convention, the provision
that authorizes, inter alia, service via postal channels.  See
Hague Service Convention, Declarations and Reservations of
Turkey, available at http://www.hcch.net/index_en.php?
act=status.comment&csid=425&disp=resdn (last visited Dec. 20,
2012).  Sonera must thus make use of one of the alternate
procedures specified by the Hague Convention in order to perfect
service of the Restraining Notice.

In seeking an order that service of the Restraining Notice
through counsel was proper, Sonera relies not on Subsection

(a)(1) of the Rule 69, but rather on Subsection (a)(2).
Subsection (a)(2) states, "[i]n aid of the judgment or
execution, the judgment creditor . . . may obtain discovery from
any person -- including the judgment debtor -- as provided in
these rules or by procedure of the state where the court is
located."  Fed. R. Civ. P. 69(a)(2).

Sonera asserts that the Restraining Notice constitutes a
form of post-judgment discovery and that, accordingly, it must
be served on counsel pursuant the Rule 5, Fed. R. Civ. P.  Rule
5 lists "a discovery paper required to be served on a party" as
a document that must be served on a represented party through
her attorney unless the Rules provide otherwise or the court
orders an alternate form of service.  Fed. R. Civ. P. 5(a)(1)(C)
& (b)(1).

Sonera's effort to classify the Restraining Notice as
"discovery" for the purposes of the Federal Rules is misplaced.
Rule 26 specifies the scope of "discovery" as that term is used
in the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's
> claim or defense -- including the existence,
> description, nature, custody, condition, and location
> of any documents or other tangible things and the
> identity and location of persons who know of any
> discoverable matter.

11

Fed. R. Civ. P. 26(b)(1).  Nothing in Rule 26 or any other
provision of the Federal Rules suggests that "discovery"
encompasses a device like the Restraining Notice, that does not
simply require a party to produce information but rather enjoins
her from action on pain of contempt of court.

The sources relied upon by Sonera in its briefs do not
dictate a contrary conclusion.  Sonera's assertion that
restraining notices are frequently served with information
subpoenas does not obviate the fact that a restraining notice
is, in no sense, "discovery."  Nor does its citation to
instances in which parties have not contested service of a
restraining notice through counsel establish that service in
that manner is proper.

Sonera also seeks to support its argument with citations to
two non-controlling, district court opinions.  But one of them,
First City, Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250
(S.D.N.Y. 2000), does not reach the issue of what procedures
apply to service of a restraining notice on a party that resides
abroad.  Indeed, Rafidain supports Çukurova's position, because
the court in that case concluded that a restraining notice,
unlike an information subpoena, is an "attachment or execution"
and therefore subject to different service requirements under
the Foreign Sovereign Immunities Act.  Id. at 256.  To the

extent that the other case, Amaprop Ltd. v. Indiabulls Financial Svcs. Ltd., Nos. 10 Civ. 1853 (PGG)(JCF), 11 Civ. 2001 (PGG)(JCF), 2012 WL 4801452, at *12 (S.D.N.Y. Oct. 5, 2012), supports Sonera's position, the Court respectfully disagrees with that holding for the reasons explained above.

CONCLUSION

Petitioner's November 16 motion for an order confirming service of the Restraining Notice is denied.  Respondent's November 21 motion to vacate the September 21 Judgment is likewise denied.  Respondent's November 29 motion for a stay of post-judgment discovery and enforcement proceedings pending disposition of the November 21 motion to vacate the Judgment is denied as moot.

SO ORDERED:

Dated:    New York, New York
          December 21, 2012

_____
DENISE COTE
United States District Judge

13