```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
SONERA HOLDING B.V.,                   :
                                       :
                 Petitioner,           :    11 Civ. 8909 (DLC)
                                       :
        -v-                            :
                                       :    OPINION & ORDER
ÇUKUROVA HOLDING A.Ş.,                 :
                                       :
                 Respondent.           :
-------------------------------------- X
```

APPEARANCES:

For the petitioner:
Pieter Van Tol
Andrew Behrman
Erin Meyer
Pooja Boisture
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

For the respondent:
Richard J. Holwell
Michael S. Shuster
Dorit Ungar Black
Demian A. Ordway
Holwell Shuster & Goldberg LLP
125 Broad Street, 39th Floor
New York, NY 10004

DENISE COTE, District Judge:

    Before the Court is Sonera's April 30, 2013 motion for an anti-suit injunction, which became fully submitted on May 6. For the reasons stated below, Sonera's motion is granted.

BACKGROUND

The factual background of this case is laid out in several Opinions of this Court, most recently its May 10, 2013 Opinion granting in part Çukurova's request that the preliminary injunction entered on April 18 be stayed pending appeal. See Sonera Holding B.V. v. Çukurova Holding A.S., No. 11 Civ. 8909 (DLC), 2013 WL 1935325 (S.D.N.Y. May 10, 2013); 2012 WL 6644636 (Dec. 21, 2012) (denying motion to vacate); 895 F. Supp. 2d 513 (Sept. 10, 2012) (confirming arbitral award). Çukurova's request was granted on the condition that Çukurova post bond pending appeal in the full amount of the arbitral award issued on September 1, 2011 by a tribunal in Switzerland (the "Arbitral Award"). 2013 WL 1935325, at *5. The preliminary injunction has the effect of preventing Çukurova from redeeming from Alfa Telecom Turkey Limited ("Alfa") certain shares in Turkcell, the largest mobile telephone service in Turkey, pursuant to a ruling by the Privy Council in litigation between Çukurova and Alfa (the "Redemption Transaction").

Concurrent with the litigation in this district, Sonera has pursued parallel efforts in other jurisdictions to confirm and enforce the Arbitral Award, including in an action filed in the British Virgin Islands (the "BVI Action"). On April 26, 2013, Çukurova filed in the BVI Action a motion for an injunction requiring Sonera to abandon any efforts in this Court that would

have an effect on Çukurova's ability to complete the Redemption Transaction (the "BVI Motion"), including specifically requiring Sonera to (1) seek to have the preliminary injunction dissolved, (2) abandon its motion for turnover, and (3) abandon any request for a final injunction.  The parties have not advised this Court of any decision rendered on the BVI Motion.  In response, Sonera now asks this Court to enter an injunction requiring Çukurova to voluntarily dismiss the BVI Motion so that Sonera can continue its efforts to enforce the Arbitral Award here in New York.


DISCUSSION

A district court has the power to enjoin a party before it from pursuing litigation in another jurisdiction.  <u>Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.</u>, 369 F.3d 645, 652 (2d Cir. 2004).  An anti-suit injunction may only be granted, however, where two threshold requirements are met.  First, the parties must be the same in both proceedings, and second, resolution of the case before the enjoining court must be dispositive of the action to be enjoined. <u>China Trade & Dev. Corp. v. M.V. Choong Yong</u>, 837 F.2d 33, 35 (2d Cir. 1987).  If the threshold requirements are met, courts weigh five additional factors: (1) the threat to the enjoining court's jurisdiction posed by the foreign action; (2) the potential frustration of strong public policies in the enjoining forum; (3)

the vexatiousness of the foreign litigation; (4) the possibility of delay, inconvenience, expense, inconsistency, or a race to judgment; and (5) other equitable considerations.  Id.; see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 500 F.3d 111, 119-20 (2d Cir. 2007).

There is no dispute that the first of the China Trade threshold requirements is satisfied here; the parties are the same in this action and in the BVI Action.  The second threshold requirement is also satisfied, as resolution of this action would be dispositive of that portion of the BVI Action Sonera seeks to enjoin.  Both this action and the BVI Action were initiated by Sonera in its effort to enforce the Arbitral Award.  The award was confirmed in both cases, and a final judgment was entered in this case in Sonera's favor, in the full amount of the Arbitral Award.  Post-judgment proceedings have been ongoing, and Çukurova has thus far refused to participate in any post-judgment discovery that would assist Sonera in collecting the judgment it is owed.

Sonera does not ask in this motion that the BVI Action be enjoined in its entirety.  Rather, Sonera seeks only an injunction preventing Çukurova from pursuing its own anti-suit injunction in the BVI Action.  The BVI Motion is directed against Sonera's enforcement efforts in this Court, meaning that the resolution of this action would render the BVI Motion moot.  In

other words, were Çukurova to pay the judgment owed to Sonera, this case would be resolved, the Redemption Transaction would no longer be enjoined, and the BVI Motion would be rendered a nullity.

Çukurova argues that resolution of this action would not dispose of the BVI Action because the BVI Action was filed before this action.  Sonera, however, is not seeking the injunction of the entire BVI action, only Çukurova's BVI motion for an anti-suit injunction.  The outcome would certainly be very different if Sonera sought to enjoin the BVI Action in its entirety, since "[f]ederal courts in which enforcement of a foreign arbitral award is sought cannot dictate to other 'secondary' jurisdictions under the New York Convention whether the award should be confirmed or enforced in those jurisdictions."  Karaha Bodas, 500 F.3d at 124.  On the other hand, "federal courts do have inherent power to protect their own judgments from being undermined or vitiated by vexatious litigation in other jurisdictions."  Id. (emphasis in original).  Both the BVI court and this Court have already confirmed the arbitral award.  The litigation to be enjoined, the BVI Motion, seeks only to hobble Sonera's efforts to enforce the final judgment in this proceeding.

The rest of the China Trade factors also support the issuance of an injunction.  The first two factors, which the Second Circuit has referred to as having "greater significance"

than the others, id. at 126, weigh heavily in favor of an injunction.  First, the BVI Motion clearly poses a threat to this Court's jurisdiction, even though, as Çukurova argues, a decision on Çukurova's motion by the BVI court would not literally deprive this Court of jurisdiction over this case.  A foreign suit injunction of course "operates only against the parties, and not directly against the foreign court," China Trade, 837 F.2d at 35, but this does not mean that a foreign injunction can have no effect on this Court's jurisdiction.  See id. at 37 (citing Laker Airways, Inc. v. Sabena Belgian World Airlines, 731 F.2d 909, 917-21 (D.C. Cir. 1984) (holding that injunction by U.S. District Court was necessary to protect court's jurisdiction when English court enjoined American litigation)).  Granting Çukurova's requested injunction would effectively bar Sonera from pursuing what has so far, thanks to Çukurova's refusal to participate in post-judgment discovery (even in the face of rapidly escalating contempt fines) been Sonera's only opportunity to induce Çukurova to pay the judgment.  Indeed, unlike a parallel enforcement proceeding, the BVI Motion has no purpose other than to restrain Sonera's actions in this Court.  The BVI Motion therefore poses a clear threat to this Court's jurisdiction.

The BVI Motion would also frustrate strong public policies if granted.  Federal policy favors the enforcement of arbitration clauses, particularly in international disputes.  Paramedics, 369

F.3d at 654 (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 638-40 (1985)).  Public policy also favors enforcement proceedings that will "avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."  Karaha Bodas, 500 F.3d at 126 (quoting Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc., 403 F.3d 85, 90 (2d Cir. 2005)).  These policies are undermined where, as here, parties are allowed "to proceed with protracted and expensive litigation that is intended to vitiate an international arbitral award that federal courts have confirmed and enforced."  Id.

The other China Trade factors also support the injunction.  The BVI Motion is "especially vexatious" in that it "threatens to undermine a federal judgment."  Id.  Çukurova has thus far steadfastly refused to pay the judgment against it, refused to post a bond in the amount of the judgment pending its appeal of the Court's Opinion confirming the Arbitral Award or of its Opinion on Çukurova's motion for a stay of the preliminary injunction, and refused to comply with its post-judgment discovery obligations.  Sonera is exerting pressure on Çukurova, and Çukurova's efforts to secure an injunction in the BVI are nothing more than another attempt to avoid its obligation to satisfy the judgment.  Nor would the grant of Sonera's request for an anti-suit injunction create "inconvenience, expense,

inconsistency, or a race to judgment." Id.  On the contrary, Çukurova's BVI Motion would lead to inconvenience and delay by continuing to hamper Sonera's legitimate efforts to enforce the Arbitral Award.

Finally, as in Karaha Bodas, comity concerns do not weigh against granting an injunction here.  Indeed "orders of foreign courts are not entitled to comity if the litigants who procure them have 'deliberately courted legal impediments to the enforcement of a federal court's orders.'"  Id. (quoting Motorola Credit Corp. v. Uzan, 388 F.3d 39, 60 (2d Cir. 2004)).  The BVI court has not, to this Court's knowledge, yet acted in response to the BVI Motion, and the grant of this injunction will not conflict with any order of the BVI court, or with the continuation of the BVI Action generally.  The injunction is aimed solely at Çukurova's efforts to interfere with this Court's April 18 preliminary injunction by invoking the authority of a foreign court, rather than relying on its own currently pending appeal here in federal court.

8

CONCLUSION

Sonera's April 30 motion for an anti-suit injunction is granted.

Dated:   New York, New York
         May 15, 2013

                              _____
                                     DENISE COTE
                              United States District Judge